**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**CARLOS SIERRA (11),**

    **Defendant.**

**Case No. 16-20008-11-DDC**

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se[1] prisoner Carlos Sierra's Motion to Reduce Sentence (Doc. 450). Mr. Sierra asks the court to reduce his sentence under 18 U.S.C. § 3582(c)(2) because Amendments 782 and 788 to the United States Sentencing Guidelines ("U.S.S.G"), effective November 1, 2014, would reduce his offense level and sentence. *See* Doc. 450 at 1. The government filed a response on August 12, 2020. Doc. 45. To date, Mr. Sierra has not filed a reply. For reasons explained below, the court dismisses Mr. Sierra's motion for lack of jurisdiction.

**I.     Background**

In February 2016, a grand jury returned an 11-count Indictment against Mr. Sierra and others. Doc. 1. Count 1 charged Mr. Sierra with conspiracy to distribute and possess with intent to distribute controlled substances including more than 50 grams of methamphetamine and a quantity of a mixture and substance containing cocaine. *Id.* at 2–3. These charges, if proved beyond a reasonable doubt, would violate 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii),

---

[1] Because Mr. Sierra proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

842(b)(1)(C), 846, and 18 U.S.C. § 2.  *Id.*  On March 27, 2017, Mr. Sierra entered a plea agreement with the government.  Doc. 151.  He pleaded guilty to Count 1 of the Indictment.  *Id.* at 1.  The parties signed an 11(c)(1)(C) plea agreement and the parties agreed Mr. Sierra participated in a conspiracy to distribute drugs including "more than 50 grams of methamphetamine and various cocaine quantities."  Doc. 151 at 5.  The plea agreement proposed a 168-month prison sentence for Count 1 and not less than 5 years of supervised release.  *Id.*  Mr. Sierra signed the plea agreement on March 27, 2017.  *Id.* at 13.

A federal probation officer prepared a Presentence Investigation Report ("PSR") on May 18, 2017.  Doc. 172 at 1.  The probation officer revised the report on June 19, 2017.  *Id.*  The offense level calculation in the PSR based its determinations on the 2016 Guidelines Manual and incorporated all guideline amendments.  *Id.* at 12 ¶ 67.  The PSR determined Mr. Sierra was responsible for "12 ounces of cocaine (340.2 grams) and 2.9 pounds (1.315 kilograms) of "ice" methamphetamine."  Doc. 172 at 12 ¶ 62.  Based on the quantity of drugs, 26,376.84 kilograms total, the PSR determined Mr. Sierra's base offense level was 34.  *Id.* at 13 ¶ 71.  A two-point enhancement applied because Mr. Sierra planned on importing 2.4 pounds of ice methamphetamine from Mexico.  *Id.* ¶ 72.  The PSR deducted three points for acceptance of responsibility and timely notifying authorities of intent to enter a plea.  *Id.* at 14 ¶¶ 78–79.  Based on the 2016 Guidelines Manual, Mr. Sierra's total offense level was 33.  *Id.* ¶ 80.

Mr. Sierra's criminal history was calculated based on the sentencing table in Chapter 5, Part A of the 2016 Guidelines Manual.  *Id.* at 17 ¶ 87.  Mr. Sierra's criminal history produced two criminal history points, which established a criminal history of category II.  *Id.*  Title 21 U.S.C. §§ 841(b)(1)(A) and 846 require minimum imprisonment of 10 years if found guilty of conspiracy to distribute 50 grams or more of methamphetamine.  *Id.* at 25 ¶ 141.  "Based upon a

total offense level of 33 and a criminal history category of II, the guideline imprisonment range [was] 151 months to 188 months." *Id.* ¶ 142. "The sentence recommended by the parties in the binding plea agreement—168 months—is within the advisory guideline range." *Id.* at 25 ¶ 143; Doc. 151 at 1 (Plea Agreement). On October 3, 2017, the court sentenced Mr. Sierra to imprisonment for 168 months and five years supervised release. Doc. 212.

Mr. Sierra asserts the November 2014 amendments to the United States Sentencing Guidelines apply to his October 2017 sentence and reduce his offense level by two levels. Doc. 450 at 2.

**II.     Analysis**

Mr. Sierra asks the court to reduce his sentence under 18 U.S.C. § 3582(c)(2), which allows the district court to modify a term of imprisonment if the imposed sentence is *subsequently* lowered. *See* Doc. 450. Mr. Sierra states the court erred by not applying Amendment 782 and 788, effective November 1, 2014, to his sentencing in October 2017. *Id.* Mr. Sierra also states, without support, his criminal history category is I. *Id.* at 5.

The government argues Mr. Sierra's sentence incorporated the amendments because he was sentenced according to the 2016 Guidelines Manual, which included Amendment 782 and 788. Doc. 454 at 2–4. It also argues the court lacks jurisdiction to amend a sentence because the amendments to the Sentencing Guidelines occurred before Mr. Sierra's sentencing in 2017. *Id.* at 4.

"[O]nce a court has imposed a sentence, the court has no authority to modify that sentence," except in "three, very limited circumstances" that are "set forth in 18 U.S.C. § 3582(c)," which includes 18 U.S.C. § 3582(c)(2). This provision allows a court to lower a sentence if the sentencing range is subsequently lowered. *United States v. Mannie*, 971 F.3d

1145, 1147–48 (10th Cir. 2020); 18 U.S.C. § 3582(c)(2).  Mr. Sierra only raises an argument for modification under 18 U.S.C. § 3582(c)(2), so, the court only considers that subsection of the statute.

"[Section] 3582(c) acts as a jurisdictional limitation on the ability of district courts to alter previously imposed sentences of imprisonment."  *United States v. Spaulding*, 802 F.3d 1110, 1124 (10th Cir. 2015).  "[T]he 'district court is authorized to modify defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so.'"  *Mannie*, 971 F.3d at 1151 (quoting *United States v. Baker*, 769 F.3d 1196, 1198 (10th Cir. 2014)).  The court may only lower a prior sentence if it would be lower if calculated today.  *See id.*

"The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (emphasis added).  "If an amendment applies retroactively, the [Sentencing Reform Act of 1984] authorizes district courts to reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower had the amendment been in place when they were sentenced."  *Hughes v. United States*, 138 S. Ct. 1765, 1773 (2018); *see also United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).

"Amendment 782 to the Guidelines went into effect on November 1, 2014."  *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (citing U.S.S.G. app. C suppl., amend. 782 at 74 (2015)).  "The amendment 'reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses."  *Id.* (internal citations omitted).  Amendment 788 to the Guidelines, effective November 1, 2014,

4

delayed the effect of Amendment 782 until November 1, 2015.  U.S.S.G. § 1B1.10(c)(1), application note 6.

Both Amendment 782 and 788 applied before Mr. Sierra was sentenced on October 16, 2017.  According to Mr. Sierra's PSR, the 2016 Guidelines Manual was used to calculate Mr. Sierra's sentence.  Doc. 172 at 17.  The 2016 Guidelines Manual included both amendments cited by Mr. Sierra.  U.S.S.G. § 2D1.1 app. C suppl., amend. 782 at 74 (2015).  Mr. Sierra does not argue the 2018 Sentencing Guidelines or any later amendments would lower his imposed sentence.  *See* Doc. 450.

"A sentence reduction under § 3582(c)(2) is not authorized and is not consistent with U.S.S.G. § 1B1.10's policy statement if an applicable amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision."  *United States v. Lucero*, 713 F.3d 1024, 1027 (10th Cir. 2013) (internal quotations and text alterations omitted).  "[D]istrict courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 831 (2010)).  Mr. Sierra cites amendments that were implemented before he was sentenced and were applied in his PSR.  He cannot argue the amendments would alter the sentencing range if he were sentenced today.

Mr. Sierra notes Amendment 782 applies to prisoners previously sentenced before the implementation of Amendment 782.  Doc. 450 at 2–3 ("[*p*]*reviously* sentenced prisoners may move to modify their sentences on the bases of the amendment").  Mr. Sierra states 18 U.S.C. § 3582(c)(2) allows a defendant "to move to reduce a term of imprisonment when that term is based on a sentencing range that has been subsequently lowered by the sentencing commission."

5

*Id.* at 3.  The court agrees that 18 U.S.C. § 3582(c)(2) gives a district court jurisdiction to change a sentence *if* the defendant was sentenced *before* the amendments to the Sentencing Guidelines. *See Battle*, 706 F.3d at 1317.  But here, Mr. Sierra asks the court to modify his sentence which was imposed *after* the amendments and, thus, is not within this court's jurisdiction.

Nothing in Mr. Sierra's motion, or the record, suggests Mr. Sierra's sentence would be shorter had the court sentenced him later, which is required for a sentence reduction under 18 U.S.C. § 3582(c)(2).  So, the court is without jurisdiction and cannot modify Mr. Sierra's sentence and thus dismisses his motion.

**IT IS THEREFORE ORDERED** by the court that Mr. Sierra's Motion to Reduce Sentence (Doc. 450) is dismissed.

**IT IS SO ORDERED.**

**Dated this 29th day of September, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree\_\_\_\_\_**
**Daniel D. Crabtree**
**United States District Judge**