IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>CARLOS SIERRA (11),<br><br>         Defendant. | Case No. 16-20008-11-DDC |

**MEMORANDUM AND ORDER**

Defendant Carlos Sierra has filed a pro se[1] Motion to Reduce Sentence under Amendment 821 to §§ 4A1.1 and 4C1.1 of the United States Sentencing Guidelines.  Doc. 524.  The government filed a Response.  Doc. 525.  The court lacks jurisdiction and dismisses Mr. Sierra's motion for the following reasons.

**I. Background**

On March 27, 2017, Mr. Sierra entered a guilty plea (Doc. 151) to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and a quantity of cocaine, violating 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2.  On June 19, 2017, a federal probation officer prepared a Presentence Investigation Report (PSR).  Doc. 172.  Based on the quantity of drugs attributed to defendant—2.9 pounds "Ice" methamphetamine and 12 ounces cocaine—the PSR determined that Mr. Sierra had a base offense level of 34.  *Id.* at 13

---

[1] Because defendant proceeds pro se, the court construes his filings liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance.  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

(PSR ¶ 71). Two points were added under Guideline § 2D1.1(b)(5)(A) because the methamphetamine was imported from Mexico. *Id.* (PSR ¶ 72). The PSR deducted three points because Mr. Sierra accepted responsibility and timely notified authorities of his intent to enter a plea. *Id.* at 14 (PSR ¶¶ 78–79). Based on the 2016 Guidelines Manual, Mr. Sierra had a total offense level of 33. *Id.* (PSR ¶ 80).

Mr. Sierra's criminal history produced two criminal history points, establishing a criminal history category of II. *Id.* at 17 (PSR ¶ 87). "Based upon a total offense level of 33 and a criminal history category of II, the guideline imprisonment range [was] 151 months to 188 months." *Id.* at 25 (PSR ¶ 142). The parties' binding plea agreement recommended a sentence within the advisory guideline range: 168 months and five years of supervised release. Doc. 151 at 5 (Plea Agreement). On October 3, 2017, the court sentenced Mr. Sierra to prison for 168 months followed by five years of supervised release. Doc. 212 at 2, 3.

Mr. Sierra asserts that Amendment 821 to § 4A1.1 of the United States Sentencing Guidelines applies to his October 2017 sentence and reduces his criminal history points. Doc. 524 at 1. Mr. Sierra also asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to his October 2017 sentence and reduces his offense level by two levels. *Id.* The court addresses Mr. Sierra's motion, and this analysis begins with the governing legal standards.

## II.     Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

> (1) on motion of the Director of the Bureau of Prisons or the defendant, after defendant has exhausted administrative remedies, if special circumstances exist;
>
> (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
> (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). Mr. Sierra asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range. Doc. 524.

Amendment 821 to the Sentencing Guidelines made two major changes. Part A limits the effect of status points on the criminal history calculation. U.S. Sent'g Guidelines Manual § 4A1.1 (U.S. Sent'g Comm'n 2023). Part B establishes a new section that benefits so-called zero-point offenders. U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023). Mr. Sierra's motion invokes both parts. The court addresses each provision, below.

**III.     Analysis**

Effective November 1, 2023, Part A of Amendment 821 limits the effect of certain criminal history points, so-called "status points." U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023). The amendment replaced § 4A1.1(d), which had added two criminal history points for offenses committed while defendant was serving a criminal justice sentence, with a modified § 4A1.1(e), which added just one point when defendant had received seven or more criminal points otherwise and had "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* But Mr. Sierra can't invoke the amendment in Part A to his benefit because he received no status points. *See generally* Doc. 172. So, Amendment 821 to § 4A1.1(e) doesn't apply to Mr. Sierra.  !

3

Part B of Amendment 821, also effective November 1, 2023, reduces a defendant's offense level by two levels if the defendant has zero criminal history points. U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023). Part B doesn't apply to Mr. Sierra either because he had two criminal history points. In short, he's not a zero-point offender. *Id.* at 17 (PSR ¶ 87).

Because Mr. Sierra's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction and must dismiss Mr. Sierra's motion (Doc. 524). *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *see also United States v. Andrade*, No. 18-10129-EFM, 2024 WL 1461816, at *1 (D. Kan. Apr. 4, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant failed to meet all § 4C1.1 criteria).

**IV.     Conclusion**

The court is without jurisdiction to consider Mr. Sierra's current motion. Thus, the court dismisses Mr. Sierra's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Sierra's Motion to Reduce Sentence (Doc. 524) is dismissed.

**IT IS SO ORDERED.**

**Dated this 30th day of July, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
